WILLIS *v.* DICTOGRAPH SALES CORPORATION.

[No. 27,980.   Filed May 15, 1944.]

George Sands, of South Bend, for appellant.

G. A. Farabaugh, S. B. Pettengill, L. C. Chapleau, and J. A. Roper, all of South Bend, for appellee.

RICHMAN, J.—By written agreement appellant was assigned ten counties in northern Indiana and two in southern Michigan wherein he had the exclusive right to sell on consignment at retail prices fixed by appellee a hearing device manufactured by the latter. The agreement provided that upon its termination appellant would not engage in "any hearing aid business within the territory outlined" for a period of one year. This suit was to enforce such provision by injunction. Restraining order, issued without notice, was followed by temporary injunction after hearing and submission upon verified pleadings.

The only question in this interlocutory appeal is the propriety of the temporary injunction. Both parties

recognize the principle stated in *Wise* v. *Curdes* (1941), 219 Ind. 606, 617, 40 N. E. (2d) 122, 127, "that a temporary injunction may be granted if the trial 'court finds upon the pleadings and evidence such a state of facts as makes the transaction a proper subject for investigation in a court of equity' and that only for abuse of discretion will his order made on such a finding be reversed."

If as alleged in the complaint appellee has acquired a valuable good will in this territory with which, contrary to his covenant, appellant is interfering to the detriment of appellee, the fact that it was acquired partly through appellant's activities pursuant to and under the agreement will not preclude a suit for its protection. Apparently the main purpose of the contract was to build up the business of selling appellee's device in this territory. It was contemplated that appellant might cease to represent appellee in which event all sales paraphernalia such as "records, lists and collections of names of customers and prospects," even telephone listing, were to be turned over to appellee. It was further provided "that the Dealer will not, after such termination or cancellation, make use of any such names, or of the information contained in any such records, collections or lists of names, or of any copy or duplication or any part thereof, for the Dealer's own benefit or advantage." In fact he covenanted not to make, cause to be made, or retain any such copies, or duplications. These provisions surely justify the inference that the business, and the incident good will, was to be owned by appellee at the termination of the contract. The covenant upon which this suit is predicated was designed to safeguard this "fruit of the contract," may reasonably be deemed to be ancillary to its main purpose, neces-

sary for appellee's protection and therefore enforceable in equity. The contract is carefully worded to make appellant an independent dealer rather than an agent or employee thus saving appellee from liability for appellant's acts under the doctrine of *respondeat superior*. But the relationship created is not so different from that of employer and employee as to render inapplicable the principles stated in *Grand Union Tea Co.* v. *Walker* (1935), 208 Ind. 245, 195 N. E. 277. See also 17 C. J. S. *Contracts*, § 254 and cases abstracted on pages 637 and 638.

Further comment upon the contentions of the parties might tend to prejudice their rights in the final hearing wherein all the facts doubtless will be developed. We may assume in this appeal that the trial judge accepted as true the allegations of the verified complaint and rejected such contradictory averments as appeared in the verified answers. The complaint made a case for investigation by a court of equity and the order granting temporary injunction is therefore affirmed.

NOTE.—Reported in 54 N. E. (2d) 774.